## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| **DIANA LASALLA,  and** | \* |
| **DARREN LASALLA,** | \* |
| **Plaintiff,** | \* |
| **vs.** | \*   **CIVIL ACTION No. 1:07-cv-00290-RMU** |
| **ELI LILLY AND COMPANY,** | \* |
| **Defendant.** | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT ELI LILLY AND COMPANY'S UNOPPOSED
### MOTION TO TRANSFER TO THE EASTERN DISTRICT OF LOUISIANA

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Louisiana.  Plaintiffs do not oppose this motion.

This case should be transferred because the Eastern District of Louisiana is a more convenient forum than the District of Columbia, the action could have been brought originally in the Eastern District of Louisiana, and transfer is in the interest of justice.  *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The Eastern District of Louisiana is more convenient for the witnesses likely to be deposed or called to testify at trial.  Section 1404(a) instructs district courts to consider the convenience of witnesses in deciding whether to transfer an action.  *See* 28 U.S.C. § 1404(a).

Lilly has reason to believe that all potential fact witnesses and sources of proof are located in or within the subpoena power[1] of the Eastern District of Louisiana.  More specifically:

- Plaintiffs Diana and Darren LaSalla reside in the Eastern District of Louisiana;

- Plaintiffs' parents, witnesses with substantial knowledge of facts at issue in this matter, reside in the Eastern District of Louisiana;

- All of plaintiff Diana LaSalla's doctors – who purportedly diagnosed and treated her alleged injuries – are located in the Eastern District of Louisiana or within the subpoena power of the District Court for the Eastern District of Louisiana;

- The events allegedly giving rise to plaintiffs' cause of action – the prescription, purchase, and alleged exposure to DES – occurred in the Eastern District of Louisiana;

- Lilly is not aware of a single non-party fact witness who resides in the District of Columbia or is within the subpoena power of this Court; and

- This case has no apparent connection to the District of Columbia except that the case was filed here.

This action "might have been brought" originally in the Eastern District of Louisiana.  28 U.S.C. § 1404(a).  First, the Eastern District Louisiana has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2]  Lilly is incorporated and has its principal place of business in Indiana.  Plaintiffs reside in and are presumably domiciled in Slidell, Louisiana.  Second, to the extent permitted by the United States Constitution, Louisiana's long-arm statute reaches torts the alleged consequences of which occur within the state.  *See* La. Rev. Stat. Ann. §13:3201 (1988).  Third, venue is proper in Louisiana because plaintiff's mother was allegedly prescribed DES, purchased

---

[1] FED. R. CIV. P. 45(b) provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ."

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that plaintiff cannot recover more than $75,000.  However, Lilly denies that plaintiffs are entitled to recover any damages.

DES and ingested DES in the Eastern District of Louisiana, and plaintiff's alleged exposure to DES occurred in the Eastern District of Louisiana. *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice support transfer of this action to the Eastern District of Louisiana. First, Louisiana has a strong interest in seeing that the product liability claims of Louisiana citizens are tried fairly and efficiently. The next factor, the applicable law, favors the Eastern District of Louisiana because Louisiana tort law is likely to be applied, and the Eastern District of Louisiana is more familiar with Louisiana substantive law than is the District of Columbia. *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute). Because this case has no connection to this district and because plaintiffs consent to transfer, it is equitable to transfer this case out of the District of Columbia.

WHEREFORE, based on the foregoing reasons, Lilly respectfully requests this Court to grant its motion to transfer this case to the Eastern District of Louisiana.

Dated May 24, 2007

Respectfully submitted,

 /s/ John Chadwick Coots

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, NW Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
Mark C. Hegarty
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with plaintiffs' counsel to determine whether plaintiffs oppose the relief requested in this motion.  Plaintiffs' counsel indicated that plaintiffs do not oppose the granting of this motion.

  /s/ John Chadwick Coots_____
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

139464v1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and accurate copy of the foregoing

was electronically filed with the Clerk of the Court using the CM/ECF system, this 24th day of

May, 2007, which sent notification of such filing to all counsel of record listed below.


Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**


     /s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

139464v1

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                    \*
**DIANA LASALLA,  and**              \*
**DARREN LASALLA,**                  \*
                                    \*
               **Plaintiff,**        \*
                                    \*
        **vs.**                      \*   **CIVIL ACTION No. 1:07-cv-00290-RMU**
                                    \*
**ELI LILLY AND COMPANY,**           \*
                                    \*
               **Defendant.**        \*
                                    \*
                                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

UPON CONSIDERATION of Defendant Eli Lilly and Company's Unopposed Motion to Transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1404(a),

IT IS HEREBY ORDERED that Eli Lilly and Company's Motion is granted;

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1404(a), this case is transferred to the United States District Court for the Eastern District of Louisiana.

Dated: _____, 2007     _____
                                    The Honorable Ricardo M. Urbina,
                                    United States District Judge

cc:     Appended list of counsel of record

139661v1

## COUNSEL OF RECORD

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Michelle R. Mangrum, Esq.
John Chadwick Coots, Esq.
Emily J. Laird, Esq.
Shook, Hardy & Bacon L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C.  20005-2004
**Attorneys for Defendant Eli Lilly and Company**